**FILED**

Date 7/16/10

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

| | |
|---|---|
| CYNTHIA SEYMOUR<br>ON BEHALF OF MINOR,<br>M. SEYMOUR<br>517 Finch Court<br>Kissimmee, Florida 34759<br><br>*Plaintiff*<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>*Defendant* | CIVIL NO. 6:10-CV-1068-31GJK |

## COMPLAINT

(Federal Tort Claims Act; Wrongful Death)

### JURISDICTION

1. The Court has jurisdiction under 28 U.S.C. § 1346. The action is brought under the Federal Tort Claims Act 28 U.S.C. § 2671 *et seq.*

### THE PARTIES

2. Plaintiff, M. Seymour, is a minor child citizen and resident of New York.

3. Plaintiff, M. Seymour, is the daughter of Carey Seymour, the decedent.

4. Cynthia Seymour, the paternal grandmother of M. Seymour, is an adult citizen and resident of Kissimmee, FL, residing at 517 Finch Ct., Kissimmee, FL 34759, who is representing the interests of M. Seymour.

6. Defendant United States of America is a Sovereign that has consented to be sued for negligent acts and/or omissions made by its employees, agents, and/or servants within the course

and scope of their employment with the Defendant under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-80.

## STATUTE OF LIMITATIONS AND EXHAUSTION OF ADMINISTRATIVE CLAIM

7. The incident giving rise the Plaintiff's claims occurred on or about April 25, 2007.

8. On December 3, 2008, in accordance with 28 U.S.C. § 2675(a) Plaintiff Cynthia Seymour timely filed her complaint against the Defendant United States.

9. On December 22, 2008, the United States acknowledged receipt of said claim.

10. Florida Statute § 768.21 (8) does not allow recovery for the parents of adult children, so Ms. Seymour has withdrawn her own claim and remains only to represent M. Seymour.

11. Although Plaintiff M. Seymour did not file a claim within the statute of limitations, her claim relates back to Cynthia Seymour's and is thus preserved for review. The claim was denied on January 21, 2010.

12. Having exhausted her administrative remedy, Plaintiff's claim is timely and properly filed. *See* 28 U.S.C § 1402 (b).

## VENUE

13. The act or omission of the complaint occurred at the Orlando VA Medical Center and venue is based upon 28 U.S.C. § 1402(b).

## STATEMENT OF FACTS

14. After working two years in imminent danger pay areas in Iraq and Kuwait, Carey Seymour returned to Ft. Stewart Georgia to be released from active duty.

15. During a post deployment health assessment on December 5, 2005, Seymour reported chronic headaches and joint pain, as well as feeling depressed and hopeless, having little interest of pleasure in doing things, and having experiences that were so frightening that he actively tried

to avoid situations that reminded him of them. The report indicated a need for follow-up care for combat stress reaction, but Seymour never received such care

16. On February 28, 2006, Seymour underwent another evaluation where he reported that his health was worse since his last medical screening and that he was interested in receiving help coping with stress, emotional, alcohol, or family problems. Despite his early self-identification, he was never referred to a health care provider.

17. On March 14, 2007, Seymour was screened for depression. The screening came back positive.

18. On March 23, 2007, a social worker conducted a psychological test of Seymour. The test revealed that Seymour was suffering from Post Traumatic Stress Disorder (PTSD). The social worker recommended that he undergo treatment for PTSD and depression, but he was never referred to a health care provider.

19. Roughly two weeks after this incident, Seymour attempted to commit suicide. He was tested again and was diagnosed with major depression disorder. His history of chronic anxiety, pain, depression, and his involvement in traumatic situations was recognized. He was referred to mental health and identified as needing additional assessment.

20. Although he was enrolled in an education program about mental health services, he received no additional care. Carey Seymour committed suicide on April 25, 2007.

## LEGAL CLAIMS

21. The averments of the preceding paragraphs are incorporated by reference as if set forth fully herein.

22. The physicians at Orlando VA Medical Center had a duty to comply with a standard of care that should have included assessing Seymour's risk of suicide, providing antidepressants, and creating a plan to ensure Seymour's continued health and safety.

23. The refusal of the VA physicians to take action in Seymour's case despite his self-identified problems, the diagnosis of depression, and the diagnosis of PTSD constitutes negligence in failing to adhere to the required standard of care.

24. Seymour's untimely death could have been prevented if health care providers had provided more vigilant assistance, especially after his failed suicide attempt. A proper evaluation of his suicide risk, proper referrals, or hospitalization could all have help prevent this tragedy, of which their negligence was the cause.

25. The physicians at the VA, which are employed by the Defendant United States, are assigned to work controlled by their employer. These physicians were acting within the scope of their employment in assessing Seymour.

26. The United States through its employees, including but not limited to the physicians at the Orlando VA Medical Center that treated Seymour, acted negligently in failing to provide Carey Seymour with an adequate standard of care resulting from the physicians' negligence in diagnosing and responding to Seymour's physical, psychological, and emotional trauma.

27. The foregoing acts and omissions of the VA Medical Center physicians, which resulted in Seymour's missed treatment and ultimately his suicide were incident to noncombat activities of the United States.

28. While working at the Kissimmee Outpatient Clinic at the Orlando VA Medical Center, Seymour's physicians who acted negligently in this matter were employees of the United States acting within the scope of their employment.

29. Defendant United States is liable for the negligent acts and omissions of its employees.

30. As a direct and proximate result of the negligence of Defendant United States, Plaintiff M. Seymour suffered and will continue to suffer both financially and emotionally as a result of the wrongful death of her father, Carey Seymour.

## PRAYER

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendant in the amount of two million dollars ($2,000,000.00) for the injuries and damages the plaintiff suffered and will continue to suffer as a result of this occurrence, together with costs and fees, and for such other and further relief deemed by this Court to be just and proper.

Respectfully Submitted,

David P. Sheldon
Law Offices of David P. Sheldon, PLLC
512 8th St, SE
Washington, DC 20003
(202) 546-9575 (phone)
(202) 546-0135 (fax)

*Attorney for Plaintiff*